UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SHAWN J. WALKER,                                 :          Civil Action No.
                                                            2:19-cv-1374
                                  Plaintiff,     :

          - *against* -                          :          COMPLAINT

THE COUNTY OF NASSAU, NASSAU                      :          JURY TRIAL
COUNTY POLICE OFFICER JOSEPH                                 DEMANDED
GIATTINO, NASSAU COUNTY POLICE                   :
DET. SERGEANT SCALONE, and JOHN
DOES 1-10,                                       :

                                  Defendants.    :
-------------------------------------------------------------------x

Plaintiff SHAWN J. WALKER (hereinafter the "plaintiff"), by his

attorney, The Law Office of Mark E. Nadjar, P.C., alleges as follows for his

Complaint:

PRELIMINARY STATEMENT

1.    This is a civil action against the COUNTY OF NASSAU

(hereinafter the "COUNTY"), NASSAU COUNTY POLICE OFFICER

JOSEPH GIATTINO ("P.O. GIATTINO"), NASSAU COUNTY POLICE

DET. SERGEANT SCALONE ("DET. SCALONE"), and/or other employees

of the NASSAU COUNTY POLICE DEPT. (the "NCPD") whose names are

as of yet unknown to the plaintiff, to redress the deprivation, under color of

State law, of plaintiff's rights, secured by the civil rights act of 1871, 42

1

USC §1983, and rights secured under the common law and privileges and immunities under the United States and New York State Constitutions. This action is grounded upon wrongful, unlawful, and improper acts including, without limitation, false arrest, unlawful imprisonment, abuse of process and violations of police and public duties and obligations.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth, and Fourteenth Amendments to the United States Constitution, Due Process, and the Constitution and laws of the State of New York.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 2202.

4.      Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate pendant state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6.      Plaintiff, SHAWN J. WALKER ("WALKER"), is a resident of Suffolk County, New York.

7.      Defendant COUNTY is a county within the State of New York and the public employer of DET. SCALONE, P.O. GIATTINO, and "JOHN DOES" 1-10.

8.      DET. SCALONE was at all relevant times an employee of the COUNTY and the NCPD, and at all relevant times acted under color of state law

and within the scope of his employment and/or in his individual capacity.  DET. SCALONE is being sued in his official and individual capacities.

9.      P.O. GIATTINO was at all relevant times an employee of the COUNTY and the NCPD, and at all relevant times acted under color of state law and within the scope of his employment and/or in his individual capacity.  P.O. GIATTINO is being sued in his official and individual capacities.

10.      Defendants "JOHN DOES" 1-10 (hereinafter "JOHN DOES") include police officers, detectives, sergeants, and lieutenants, whether on or off duty, whose identities are not yet known to plaintiff at this time but are known to the COUNTY and the NCPD.  Plaintiff intends to name the individual "JOHN DOES" after learning their identities.  Defendants "JOHN DOES" were at all relevant times employees of the COUNTY and the NCPD, and at all relevant times acted under color of state law and within the scope of their employment and/or in their individual capacity.  Defendants "JOHN DOES" are being sued in their official and individual capacities.

<u>NOTICE OF CLAIM</u>

11.      On or about March 12, 2018, a Notice of Claim was served upon the Nassau County Clerk and upon the Nassau County Attorney.

12.      A 50-h hearing was conducted on November 1, 2018.

3

13.     More than thirty days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

14.     This action is commenced within one (1) year and ninety (90) days after the claims arose, and within three (3) years after the said claims arose and continued.

FACTUAL AND GENERAL ALLEGATIONS

15.     On or about January 29, 2017 at approximately 1:30 a.m. at Good Samaritan Hospital, Montauk Hwy., West Islip, Suffolk County, New York, DET. SCALONE and P.O. GIATTINO, acting or purporting to act in the performance of their duties and within the scope of their employment with the NCPD, appeared at the hospital bedside of the plaintiff without notice, unlawfully detained and questioned the plaintiff, and placed him under arrest for allegedly committing a crime or crimes in Suffolk County and/or Nassau County, New York, on January 28, 2017 and January 29, 2017.

16.     The plaintiff was falsely arrested and charged with a violation of N.Y. Penal Law §240.50(2), Falsely Reporting an Incident, 3rd Degree, in Nassau County, and also a weapons charge.

17.     At the time of his alleged statements, the plaintiff was in a hospital in Suffolk County, as aforesaid.  At no time was the defendant unlawfully in possession of a weapon, in any County, on the referenced dates.

18.     DET. SCALONE and P.O. GIATTINO, and or JOHN DOES, transported the plaintiff against his will to the County of Nassau, State of New York, and caused him to be detained by filing false and fictitious claims against him.

19.     The aforesaid arresting police officers and/or detectives had no probable cause to seize or arrest the plaintiff, in as much as they had not observed the said plaintiff commit any crime or offense.

20.     After the said illegal seizure and arrest, there was no contraband, stolen property or any weapons found on the plaintiff.

21.     The plaintiff was incarcerated at the Nassau County Correctional Center, and otherwise unlawfully detained against his will, by the defendants, on or about February 1, 2017, and not released until December 15, 2017.

22.     One or more weapons charges against the plaintiff were dismissed on or about May 17, 2017, for lack of evidence, and the remaining charges against the plaintiff were dismissed on or about December 12, 2017, for lack of evidence and lack of jurisdiction.

23.     The aforesaid arrest and incarceration were invalid, unlawful, and unjustified.

24.     By reason of the aforesaid wrongful arrest and wrongful imprisonment, the plaintiff suffered pain, hunger, thirst, physical, mental and/or psychiatric injuries,

loss of enjoyment of life, loss of freedom, emotional distress, mental anguish, shame, humiliation, indignity, embarrassment, damage to reputation, deprivation of liberty without due process of law, and incurred monetary costs and other damages including but not limited to transportation costs, bond premiums and attorney's fees and expenses, all without any justification or excuse.

25.    The plaintiff's damages include but are not necessarily limited to compensatory damages, punitive damages, general damages, special damages, and attorney's fees and expenses, and other damages available under 42 USC Section 1983, if any.  Plaintiff also seeks permanent injunctive relief against the defendants related to their conduct as aforesaid.

26.    More specifically, the plaintiff sustained pain, suffering, hunger, thirst, physical, mental and/or psychiatric injuries, loss of enjoyment of life, loss of freedom, emotional distress, mental anguish, shame, humiliation, indignity, embarrassment, damage to reputation, deprivation of liberty without due process of law, and incurred monetary costs and other damages including but not limited to attorney's fees and expenses, all without any justification or excuse.

## FIRST CLAIM FOR RELIEF
*42 U.S.C. § 1983 – False Arrest*

27.     Plaintiff repeats and reiterates the prior allegations hereof with the same force and effect as though fully set forth at length herein.

28.     Defendants intended to confine the plaintiff when they arrested him, removed him from Suffolk County, and transported him to Nassau County.

29.     The plaintiff did not consent to the confinement, and was confined against his will.

30.     The plaintiff was conscious of the confinement.

31.     Defendants unlawfully confined the plaintiff because they did not have probable cause to believe he committed a crime, and their confinement was without privilege or justification.

32.     Defendants falsely arrested the plaintiff in violation of the United States and New York State Constitutions and laws.

## SECOND CLAIM FOR RELIEF
*42 U.S.C. § 1983 – False Imprisonment*

33.     Plaintiff repeats and reiterates the prior allegations hereof with the same force and effect as though fully set forth at length herein.

34.     Defendants intended to confine the plaintiff when they arrested him, removed him from his location in Suffolk County, and transported him Nassau County, against his will and with no privilege or justification.

35.     Plaintiff did not consent to the confinement, and was confined against his will.

36.     Plaintiff was conscious of the confinement.

37.     Defendants unlawfully confined the plaintiff because they did not have probable cause to believe he committed a crime, and their confinement was without privilege or justification.

38.     Defendants falsely imprisoned the plaintiff in violation of the United States and New York State Constitutions and laws.

THIRD CLAIM FOR RELIEF
*42 U.S.C. § 1983 – Malicious Prosecution*

39.     Plaintiff repeats and reiterates the prior allegations hereof with the same force and effect as though fully set forth at length herein.

40.     Defendants initiated a criminal proceeding against the plaintiff when they arrested him and charged him with various crimes as aforesaid.

41.     Defendants initiated a criminal proceeding against the plaintiff despite the fact that no probable cause existed to believe he committed the charged crimes.

42.     Defendants acted with malice, particularly where the alleged acts or omissions of the plaintiff, giving rise to the allegations of criminal acts, all occurred in Suffolk County, New York, beyond the jurisdiction of the NCPD and not in hot pursuit of any crimes allegedly in progress.

43.     The criminal proceedings against the plaintiff were all terminated in his favor on and prior to December 12, 2017, when all remaining charges against him were dismissed.

44.     Defendants maliciously prosecuted the plaintiff in violation of the United States and New York State Constitutions and laws.

## FOURTH CLAIM FOR RELIEF
*42 U.S.C. § 1983 – Due Process Violations*

45.     Plaintiff repeats and reiterates the prior allegations hereof with the same force and effect as though fully set forth at length herein.

46.     Defendants knowingly engaged in unconstitutional and tainted interrogation procedures for the purpose of procuring the plaintiff's arrest.

47.     Defendants engaged in numerous *Brady* violations by failing to disclose material information favorable to the plaintiff with respect to the crimes alleged.

48.     As a result of the defendants' actions, the plaintiff was arrested and wrongfully charged with crimes.

49.     Defendants issued and caused to be issued legal process to place the plaintiff under arrest, and filed false charges against the plaintiff.

50.     Defendants committed the aforesaid acts against the plaintiff in order to obtain a collateral objective outside the legitimate ends of the lawful process of the criminal justice system in the State of New York.

51.     Defendants acted with intent to do harm to the plaintiff without excuse or justification, and actually did cause such harm.

52.     Because of their aforesaid acts and conduct, the defendants are liable to the plaintiff for malicious prosecution and/or malicious abuse of process under 42 USC §1983.

53.     Defendant COUNTY failed, neglected and refused to effectively screen, hire, train, supervise and discipline their officers, agents, employees and personnel, to ensure their ability to conduct proper and truthful police work, their ability to investigate fairly, honestly and otherwise properly, and their ability to determine probable cause.

FIFTH CLAIM FOR RELIEF
*Pendent State Claim – False Arrest*

54.     Plaintiff repeats and reiterates the prior allegations hereof with the same force and effect as though fully set forth at length herein.

55.     Defendants intended to confine the plaintiff when they arrested him, removed him from Suffolk County, and transported him to Nassau County.

56.     The plaintiff did not consent to the confinement, and was confined against his will and without privilege or justification.

57.     The plaintiff was conscious of the confinement.

58.     Defendants unlawfully confined the plaintiff because they did not have probable cause to believe he committed a crime, and their confinement was without privilege or justification.

59.     The defendants falsely arrested the plaintiff in violation of the United States and New York State Constitutions and laws.

SIXTH CLAIM FOR RELIEF
*Pendent State Claim – False Imprisonment*

60.     Plaintiff repeats and reiterates the prior allegations hereof with the same force and effect as though fully set forth at length herein.

61.     Defendants intended to confine the plaintiff when they arrested him, removed him from Suffolk County, and transported him to Nassau County.

62.     Plaintiff did not consent to the confinement, and was confined against his will and without privilege or justification.

63.     Plaintiff was conscious of the confinement.

64.     Defendants unlawfully confined the plaintiff because they did not have probable cause to believe he committed a crime, and their confinement was without privilege or justification.

65.     Defendants falsely imprisoned the plaintiff in violation of the United States and New York State Constitutions and laws.

## SEVENTH CLAIM FOR RELIEF
*Pendent State Claim – Malicious Prosecution*

66.     Plaintiff repeats and reiterates the prior allegations hereof with the same force and effect as though fully set forth at length herein.

67.     Defendants initiated a criminal proceeding against the plaintiff when they arrested him and charged him with various crimes as aforesaid.

68.     Defendants initiated a criminal proceeding against the plaintiff despite the fact that no probable cause existed to believe he committed the charged crimes.

69.     Defendants acted with malice, particularly where the alleged acts or omissions of the plaintiff, giving rise to the allegations of criminal acts, all occurred in Suffolk County, New York, beyond the jurisdiction of the NCPD and not in hot pursuit of any crimes allegedly in progress.

70.     The criminal proceedings against the plaintiff were all terminated in his favor on and prior to December 12, 2017, when all remaining charges against him were dismissed.

71.     Defendants maliciously prosecuted the plaintiff in violation of the United States and New York State Constitutions and laws.

## EIGHTH CLAIM FOR RELIEF
*Pendent State Claim – Respondeat superior/vicarious liability*

72.     Plaintiff repeats and reiterates the prior allegations hereof with the same force and effect as though fully set forth at length herein.

73.     The COUNTY was at all relevant times the employer of defendants P.O. GIATTINO and DET. SCALONE, as well as the "JOHN DOES" (whose identities are not yet known to plaintiff but are known to the defendants).

74.     Defendants P.O. GIATTINO and DET. SCALONE, as well as the "JOHN DOE" defendants, acted at all relevant times within the scope of their employment and under color of law.

75.     Defendant COUNTY is liable vicariously to the plaintiff for the tortious acts of defendants P.O. GIATTINO and DET. SCALONE, as well as the "JOHN DOE" defendants, under doctrine of respondeat superior.

WHEREFORE, Plaintiff requests the following relief jointly and severally as against all the defendants:

1.     A trial by jury on all issues;

2.     An award of compensatory damages in an amount to be determined at trial;

3.     An award of punitive damages in an amount to be determined at trial;

4.     Disbursements, costs, and attorneys' fees pursuant to 42 U.S.C. § 1988; and

5.      Such other and further relief as this Court may deem just and proper.

Dated:  Commack, New York
         March, 2019

THE LAW OFFICE OF
MARK E. NADJAR, P.C.
*Attorney for the Plaintiff*


By: /s/ _____
        Mark Ewald Nadjar (MN-5277)

366 Veterans Memorial Hwy., Ste. 1
Commack, NY  11725
Tel. (631) 385-8900
Fax (631) 543-5899
e-mail: marknadjar@optonline.net

TO:   JARED A. KASSCHAU
      Nassau County Attorney
      *Attorney for Defendants*
      One West Street
      Mineola, NY  11501
      Tel. (516) 571-3011
      Fax (516) 571-3058

14