UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SHAWN J. WALKER,                              :      Civil Action No.
                                                     2:19-cv-1374-JMA-ARL
                    Plaintiff,                :

        - against -                           :

THE COUNTY OF NASSAU, NASSAU                  :
COUNTY POLICE OFFICER JOSEPH
GIATTINO, NASSAU COUNTY POLICE                :
DET. SERGEANT SCALONE, and JOHN
DOES 1-10,                                    :

                    Defendants.               :
-----------------------------------------------------------x

MEMORANDUM OF LAW IN
OPPOSITION TO THE COUNTY DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

THE LAW OFFICE OF MARK E. NADJAR, P.C.
*Attorney for the Plaintiff*
OFFICE & P.O. ADDRESS
366 VETERANS MEMORIAL HWY., STE. 1
COMMACK, NEW YORK 11725
TEL. (631) 385-8900

## PRELIMINARY STATEMENT

The Plaintiff respectfully submits this Memorandum of Law in opposition to the instant motion for summary judgment of the defendants herein. The Plaintiff respectfully refers to his Response to the Defendants' Statement of Facts under Rule 56.1, dated January 3, 2022, and to his Affidavit in Opposition, sworn to on April 7, 2022, for the relevant facts and disputed facts. Simply stated, the Defendants flat out ignore the Plaintiff's disagreement with and contradiction of their claims of undisputed facts. There are multiple issues of fact precluding summary judgment in the Defendant's favor.

## STATEMENT OF FACTS

Even if the Plaintiff Shawn Walker's statements to the Nassau County police officers who questioned him were false, they still would not be in violation of PL §240.50(2) unless the false statement -- (paraphrasing) I was shot in front of my house -- pertains to "an alleged occurrence or impending occurrence of a catastrophe or emergency which did not in fact occur or did not in fact exist."

Shawn Walker did not volunteer any information and certainly did not willy-nilly report anything to the police. He stated under oath that he specifically told them he did not want to speak with them. They persisted in questioning him anyway, and admittedly failed to give him Miranda warnings.

But even then, the Defendant police officer, Giattano, and Det. Sgt. Scalone, falsely alleged in the accusatory instrument -- which was in fact dismissed and never re-filed -- that the alleged statement was made in Nassau County, when in fact the statements attributed to Shawn Walker were indisputably made in Suffolk County.

2

The Nassau County District Court determined that the incorrect data in the accusatory instrument rendered it jurisdictionally defective and not subject to the statutory exception (P.L. §20.40[2][c]) to the general rule that a defendant should be prosecuted in the county in which the offense occurred. Defendants' Exhibit M. For the said exception to apply, and the reason it did not apply in the case of Shawn Walker, it must appear that the defendant intended for his false statement to have an effect upon Nassau County. Id. There is absolutely no indication anywhere that Mr. Walker intended to cause any effects or impacts in Nassau County.

The ammunition clip charge was also groundless. The police claim the Plaintiff was texting Cherise Jordan from the hospital bed. He flat out denied it, testifying that he was not allowed to communicate with anyone. The police said Shawn Walker put his cell phone down on the gurney, and the officer picked it up and examined its contents. The search was without Shawn Walker's permission, without probable cause and without a warrant. All police witnesses deposed in this case confirmed that the Plaintiff was never given *Miranda* warnings.

And where is the cell phone? The Defendants were the last persons to have the cell phone, and now claim not to know what happened to it or where it is. For that matter, where is the ammunition clip? Where is the ammunition? Why was this charge dismissed? And why were the charges against Cherise Jordan dismissed? The Defendants do not bother to explain their actions and omissions, or to lay bare their "proof" concerning these disturbing circumstances.

To the extent there are conflicting allegations of fact in the parties Rule 56.1

Statements, "they are presented in the light most favorable to the plaintiff[]." *See, e.g., Federal Ins. Co. v. American Home Assurance Co.*, 639 F.3d 557, 566 (2d Cir. 2011).

<u>DEFENDANT'S POINT I - FALSE ARREST</u>

In *Yorzinski v. City of New York*, 175 F.Supp.3d 69 (SDNY 2016), the Court explained: "To assess whether there was arguable probable cause for an arrest, as would entitle a police officer to qualified immunity in false arrest or malicious prosecution action under §1983, police officers are entitled to draw reasonable inferences from the facts they possess at the time of a seizure based upon their own experiences. U.S. Const. Amend. 4; 42 USCA §1983.

"To state a claim for false arrest under New York law, a plaintiff must show that: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged." *Cf., Pinter v. City of New York*, 976 F.Supp.2d 539 (SDNY 2013) (fact issues precluded summary judgment as to false arrest claim against city); *Wilkinson v. Lewis*, 289 F.Supp.3d 371 (NDNY 2018) (genuine issue of material fact existed as to whether officers had probable cause to arrest arrestee for resisting arrest; police officers are entitled to qualified immunity if they can establish either that: (1) a constitutional right was not violated, or (2) the right was not clearly established). Thew Court held that a genuine issue of material fact existed as to whether city police officers had probable cause to arrest arrestee for resisting arrest under New York law, precluding summary judgment on arrestee's §1983 false arrest claim against officers. U.S. Const. Amend. 4; 42 USCA §1983; N.Y. Penal Law S 205.30.

*See, also, Thagard v. Lauber*, 317 F.Supp.3d 669 (WDNY 2018) (genuine issue of material fact existed as to whether eyewitness's photo array identification carried sufficient indicia of reliability): "An officer is entitled to qualified immunity from civil liability under §1983 if he can establish that there was arguable probable cause to arrest. U.S. Const. Amend. 4; 42 USCA §1983.... Genuine issue of material fact existed as to whether a third eyewitness's photo array identification carried sufficient indicia of reliability to establish probable cause so that none of the eyewitness' identifications supported an objective belief that probable cause existed, precluding summary judgment in city police department detective's favor in arrestee's S 1983 malicious prosecution claim under New York law, arising from detective allegedly conducting materially defective identification procedures with two other eyewitnesses and then failing to disclose those defects, which resulted in arrestee's criminal prosecution and wrongful conviction. U.S. Const. Amend. 4; 42 USCA §1983.

In *Murray v. City of New York*, 2017 WL 3309728 (SDNY 2017) (motion for summary judgment denied), the Court stated: "In analyzing 1983 claims for unconstitutional false arrest, [the Second Circuit] generally look[s] to the law of the state in which the arrest occurred. *Dancy v. McGinley*, 843 F.3d 93, 107 (2d Cir. 2016). Under New York law, a false arrest claim requires a plaintiff to show that the defendant intentionally confined him without his consent and without justification. *Id.* (citation omitted). Probable cause is an absolute defense to an action for false arrest brought under Section 1983."

The Plaintiff herein respectfully submits: (a) clearly there was no probable cause to

5

arrest him; and (b) even if the Court does not agree, probable cause for his arrest is an issue of contested and disputed fact, precluding summary judgment.

## DEFENDANT'S POINT II - FALSE IMPRISONMENT

In *Covington v. City of New York*, 171 F.3d 117 (2d Cir. 1999) (reversed summary judgment decision), the Court of Appeals, Parker, Circuit Judge, held that: (1) if success on plaintiff's §1983 claim would necessarily have implied the invalidity of any conviction which might have resulted from the state criminal proceedings relating to the arrest, then plaintiff's false arrest claim would not accrue, for limitations purposes, until after that criminal prosecution was dismissed, and (2) there was issue of fact, precluding summary judgment, as to whether success on plaintiff's false arrest claim would necessarily imply the invalidity of a possible conviction resulting from the criminal proceedings.

A §1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law. USCA Const.Amend. 4; 42 USCA §1983. Although state law provided the applicable statute of limitations in §1983 action, federal law governed the question of when a false arrest claim accrued. 42 USCA §1983.

In *Dickerson v. Monroe County Sheriff's Dept.*, 114 F.Supp.2d 187 (WDNY 2000) (motion for summary judgment denied), the District Court, Larimer, Chief Judge, held that: (1) fact that officer did not prepare and sign charge did not insulate him from liability for malicious prosecution; (2) fact that officer did not sign information and was not present when arrest occurred did not insulate him from liability for false arrest or false

imprisonment; (3) officer was not entitled to qualified immunity from arrestee's malicious abuse of process claim; and (4) court could exercise supplemental jurisdiction over wife's claim. Claims for false arrest and false imprisonment are essentially same causes of action. District court which had federal question jurisdiction over arrestee's §1983 claims against police officers for false arrest and false imprisonment had authority to exercise supplemental jurisdiction over state law claim of arrestee's wife for loss of consortium. 28 USCA §1367(a).

In *Rizk v. City of New York*, 462 F.Supp.3d 203 (EDNY 2020) (genuine issues of material fact precluded summary judgment on arrestees' false arrest and false imprisonment claims, on defense that probable cause existed for their arrests.) The Court held that a §1983 claim for false arrest is substantially the same as a claim for false arrest under New York law. 42 USCA §1983. Genuine issues of material fact as to whether one or both of two arrestees made contact with officer precluded summary judgment in favor of officers on arrestees' false arrest and false imprisonment claims under §1983 and New York law, on defense that probable cause existed for their arrests. U.S. Const. Amend. 4; 42 USCA §1983.

In *Rizzo v. Edison, Inc.*, 419 F.Supp.2d 338 (WDNY 2005) (a §1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law. USCA Const. Amend. 4; 42 USCA §1983), the Court held that to state a claim for false imprisonment or false arrest under New York law, a plaintiff must establish that: (1) the defendant intended to confine the plaintiff; (2) the

plaintiff did not consent to the confinement; (3) the plaintiff was aware that he was confined; and (4) the confinement was not otherwise privileged, such as confinement pursuant to a warrant or with probable cause or immunity protection.

The Defendants' claim of probable cause is disputed and the Plaintiff asserts there was no probable cause to arrest him, especially considering that he was in an emergency room in Suffolk County following being shot in the foot, was medicated for pain, refused to speak to the police who ignored his refusal, the said police filed a false report as to where the alleged statement was made, and all charges were dismissed.

### DEFENDANTS' POINT III - MALICIOUS PROSECUTION

In *Perez v. Duran*, 962 F.Supp.2d 533 (SDNY 2013) (fact issues precluded summary judgment on arrestee's malicious prosecution claim), the Court stated that a claim for malicious prosecution under §1983 requires (1) the initiation or continuation of a criminal proceeding against the plaintiff, (2) termination of the proceeding in plaintiff's favor, (3) lack of probable cause for commencing the proceeding, (4) actual malice as a motivation for defendant's actions, and (5) a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights. USCA Const. Amend. 4; 42 USCA §1983.

It has been held that the "actual malice" element may be inferred, and it is a question of fact for the jury:

> ... lack of evidence of bad faith is not dispositive on the issue of malice because malice does not necessarily involve a corrupt motive. The "actual malice" element of a malicious prosecution action does not require a plaintiff to prove that the defendant was motivated by spite or hatred, although it will of course be satisfied by such proof. Rather, it means that the

> defendant must have commenced the prior criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served. *Nardelli v. Stamberg*, 44 N.Y.2d 500, 406 N.Y.S.2d 443, 445, 377 N.E.2d 975, 977 (1978) (citation omitted). The existence of malice is a question of fact for the jury to decide. The jury may, but is not required to, infer malice from the total lack of probable cause for the continuation of a criminal proceeding insofar as that tends to show that Defendants did not believe in the guilt of the accused and that they did not continue the proceedings for a proper purpose. *Brault v. Town of Milton*, 527 F.2d 730, 739 n. 6 (2d Cir.1975); *Martin v. City of Albany*, 42 N.Y.2d 13, 396 N.Y.S.2d 612, 615, 364 N.E.2d 1304 (1977). Malice may also be inferred if Defendants have acted with a wanton, reckless, or grossly negligent disregard of Plaintiff's rights, inconsistent with good faith. *Boose*, 421 N.Y.S.2d at 749; *Biener v. City of New York*, 47 A.D.2d 520, 362 N.Y.S.2d 563, 567 (2d Dept.1975).

*Cox v. County of Suffolk*, 827 F. Supp. 935, 939–40 (E.D.N.Y. 1993).

In *Perez, supra*, the Court found a genuine issue of material fact existed regarding whether there was probable cause to arrest arrestee and whether there was probable cause to commence criminal proceedings against arrestee, precluding summary judgment on arrestee's malicious prosecution claim against police officer under §1983 and New York law. USCA Const. Amend. 4; 42 USCA §1983.

> In *Shabazz v. Kailer*, 201 F.Supp.3d 386 (SDNY 2016) (motion to dismiss denied): "The issue of whether arrestees could prove that there was no probable cause for their prosecution could not be resolved on motion to dismiss due to factual dispute. Probable cause, in the context of a §1983 malicious prosecution claim, is probable cause to believe that the plaintiffs could be successfully prosecuted; this standard is slightly higher than the probable cause standard for false arrest cases. U.S. Const. Amend. 4; 42 USCA §1983.
>
> The issue of whether arrestees could prove that there was no probable cause for their prosecution for criminal possession of weapon under New York law could not be

9

resolved on motion to dismiss §1983 malicious prosecution claim, given factual dispute as to existence of probable cause for underlying arrest. U.S. Const. Amend. 4; 42 USCA §1983.

In *Elek v. Incorporated Village of Monroe*, 815 F.Supp.2d 801 (SDNY 2011) (motion to dismiss denied), the Court stated: "To allege a cause of action for malicious prosecution under §1983, plaintiff must assert, in addition to the elements of malicious prosecution under state law, that there was a sufficient post-arraignment liberty restraint to implicate plaintiff's Fourth Amendment rights. USCA Const. Amend. 4; 42 U.S.C.A. §1983." The Court held "The elements of a malicious prosecution claim under New York law are: (1) that the defendant initiated a prosecution against the plaintiff; (2) that the defendant lacked probable cause to believe the proceeding could succeed; (3) that the defendant acted with malice; and (4) that the prosecution was terminated in the plaintiff's favor."

Similarly, at bar the Defendants lacked probable cause to arrest and to continue to prosecute the Plaintiff, as required to support Plaintiff's malicious prosecution claim under New York law, after written statements by both Plaintiff and victim indicated that plaintiff's participation was involuntary and coerced.

<u>DEFENDANTS' B: BRADY VIOLATIONS</u>

In *Poventud v. City of New York*, 750 F.3d 121 (2d Cir. 2014) (reversing District Court's order granting summary judgment), the Court held that a former prisoner's guilty plea to a lesser-included offense after his conviction was vacated because of a Brady violation did not bar his Brady-based §1983 action alleging that the prosecution withheld evidence that would have impeached the main State witness at his original trial, although

the plea was at odds with his alibi defense at that trial; State could violate prisoner's Brady rights even if he were not actually innocent. 42 U.S.C.A. §1983.

### DEFENDANTS' C: ABUSE OF PROCESS

In *Wagner v. Hyra*, 518 F.Supp.3d 613 (NDNY 2021), the Court stated that the elements of a §1983 malicious prosecution claim require that the plaintiff prove that: (1) the defendant initiated a prosecution against the plaintiff, (2) the defendant lacked probable cause to believe the proceeding could succeed, (3) the defendant acted with malice, (4) the prosecution was terminated in plaintiff's favor, and (5) there was a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights. U.S. Const. Amend. 4; 42 USCA §1983. The facts of this case align with the said elements.

In *Hoyos v. City of New York*, 999 F.Supp.2d 375 (EDNY 2013) (motion for summary judgment granted to plaintiff), the Court stated: "Under New York law, a plaintiff alleging false arrest must show that: (1) the defendant intended to confine him; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. Again, the elements apply to this case in all respects.

### STATE LAW CLAIMS, STATUTE OF LIMITATIONS

In *Covington v. City of New York, supra*, 171 F.3d 117 (2d Cir. 1999) (order granting summary judgment reversed), the Court of Appeals, Parker, Circuit Judge, held that:

> (1) if success on plaintiff's §1983 claim would necessarily have implied the invalidity of any conviction which might have resulted from the state criminal proceedings relating to the arrest, then plaintiff's false arrest claim would not accrue, for limitations purposes, until after that criminal prosecution was dismissed, and (2) there was issue of fact, precluding summary

judgment, as to whether success on plaintiff's false arrest claim would necessarily imply the invalidity of a possible conviction resulting from the criminal proceedings.

A §1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law. USCA Const. Amend. 4; 42 USCA §1983.

Although state law provided the applicable statute of limitations in §1983 action, federal law governed the question of when a false arrest claim accrued. 42 U.S.C.A. §1983.

In *Burgio v. Ince*, 79 A.D.3d 1733, 913 N.Y.S.2d 864 (4th Dept. 2010) (reversing trial court's decision granting summary judgment), the Supreme Court, Appellate Division, held that a triable issue existed as to whether deputy had probable cause to arrest airport employee:

> The elements of false arrest or false imprisonment are that the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement and did not consent to the confinement, and that the confinement was not otherwise privileged.
>
> Genuine issue of material fact existed as to whether sheriff's deputy had probable cause to arrest airport employee for petit larceny, precluding summary judgment in action by employee against deputy for false arrest. USCA Const. Amend. 4.

In *Ruggerio v. New York Racing Ass'n, Inc.*, 14 A.D.3d 976, 788 N.Y.S.2d 515 (3d Dept. 2005) (motion for summary judgment granted by trial court, reversed), the Supreme Court, Appellate Division, Mugglin, J., held that genuine issue of material fact existed as to whether employee's repayment of money alleged to be stolen supported subsequent arrest for theft:

> Where an arrest was made pursuant to a warrant, malicious prosecution is usually the action brought, not false arrest; however, where an informant obtains a warrant based upon false information supplied by him or her, false imprisonment or false arrest, not malicious prosecution, is the gist of the action.
>
> Genuine issue of material fact existed as to whether employee's repayment of money alleged to be stolen from her employer supported her subsequent arrest for theft, precluding summary judgment in employee's false arrest action against employer.

In *Rakidjian v. County of Suffolk*, 28 A.D.3d 734, 814 N.Y.S.2d 248 (2d Dept. 2006) (order granting motion for summary judgment reversed), the Supreme Court, Appellate Division, held that defendants failed to establish affirmative defense of probable cause:

> Probable cause is a complete defense to an action alleging false arrest or false imprisonment. USCA Const. Amend. 4. Arrestee's plea of guilty to harassment did not conclusively establish probable cause for his arrest for criminal contempt, as would amount to an affirmative defense to arrestee's false arrest and imprisonment claims. USCA Const. Amend. 4.

The accrual date of each of the Plaintiff's claims for relief herein should be the date the Defendant was released from custody on December 15, 2017, and accordingly his notice of claim and commencement of this action were timely.

## DEFENDANTS' POINT VI - QUALIFIED IMMUNITY

In *Messerschmidt v. Millender*, 565 U.S. 535, 132 S.Ct. 1235 (2012) (reversing Circuit Court's affirmance of District Court's order granting summary judgment), the Court held that the doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which reasonable person would have known:

>Relevant consideration for court, in deciding whether officers had acted in objectively reasonable manner when they executed a warranted search of civil rights complainant's home, so as to be protected by qualified immunity from liability under S 1983, was fact that the officer executing warrant had submitted warrant application for review, not only to his superiors, but to district attorney, and that they, as well as issuing magistrate, had given their approval. USCA Const. Amend. 4; 42 USCA §1983.

In *Zarkower v. City of New York*, 461 F.Supp.3d 31 (EDNY 2020) (motion to dismiss denied), the arrestee alleged violation of clearly established law: "A government official is entitled to qualified immunity if his conduct was objectively reasonable, even if the right at issue was clearly established." The Court continued:

>Arrestee's allegations, that police officers held him in custodial detention for five hours for sole purpose of allowing detective to conduct inquiry about crime in community, alleged a violation of clearly established Fourth Amendment law, and thus, officers were not entitled, on ground of qualified immunity, to dismissal of arrestee's §1983 claim alleging excessive detention; although there was no controlling case law addressing specific circumstances applicable to the instant case, arrestee was fully processed and issued desk appearance ticket (DAT) under New York law, which directed arrestee to return to criminal court at some future date to be arraigned, detention was not administrative step incident to arrest, and general questions which detected defendant were not based on based on articulable reasonable suspicion or probable cause. U.S. Const. Amend. 4; 42 USCA §1983; N.Y. CPL §150.10(1).

In *Taravella v. Town of Wolcott*, 599 F.3d 129 (2d Cir. 2010) (trial court's grant of motion for summary judgment reversed), the Court of Appeals, Dennis Jacobs, Chief Judge, held that mayor was protected by qualified immunity from procedural due process claim: "Qualified immunity protects government officials from liability for civil damages

as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Here it is beyond dispute that the Plaintiff's rights were clearly established, and they were clearly violated -- for eleven (11) months.

In *Tolan v. Cotton*, 572 U.S. 650, 134 S.Ct. 1861 (2014) (reversing appellate court's affirmance of an order granting summary judgment), the Supreme Court held that Court of Appeals, in holding that police officer's actions did not violate clearly established law, failed to view evidence at summary judgment in light most favorable to suspect as nonmoving party. The Court stated:

> Governmental actors are shielded from liability for civil damages if their actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known; the salient question is whether the state of the law at the time of an incident provided fair warning to the defendants that their alleged conduct was unconstitutional.
>
> In resolving questions of qualified immunity at summary judgment, courts engage in a two-pronged inquiry, the first of which asks whether the facts, taken in the light most favorable to the party asserting the injury, show the officer's conduct violated a federal right. FRCP Rule 56.

In *Kaminsky v. Rosenblum*, 929 F.2d 922 (2d Cir. 1991) (affirming District Court's denial of summary judgment), the Court of Appeals, Cardamone, Circuit Judge, held that prison officials were not entitled to appeal denial of summary judgment due to questions of fact:

> Even when plaintiff's federal rights are so clearly defined that reasonable public official would know that actions might violate those rights, qualified or good faith immunity would still be available as bar to §1983 suit if it was objectively reasonable for public official to believe that acts did not violate

15

those rights. 42 USCA §1983.

> Under doctrine of qualified immunity from §1983 liability, allegedly violated rights must have been clearly established in particularized sense so that reasonable official would know that actions violated those rights. 42 USCA §1983.

Here, it was objectively unreasonable for the Defendants not to know or believe the Defendant's rights under applicable law -- *e.g.*, not to be falsely arrested and interrogated without probable cause, and not to be charged via an accusatory instrument that falsely stated his allegedly false statement was made in Nassau County. That was a lie, knowingly and intentionally causing the Plaintiff to be wrongfully prosecuted and incarcerated for eleven (11) months.

Other clearly established rights the Defendants violated were the Plaintiff's right not to be handcuffed to a hospital bed and questioned against his will, absent any indication he had committed a crime, and not to be hauled off to another County for prosecution and confinement for eleven (11) months for crimes that did not occur.

The Police claimed there was possibly a gun, or an ammunition clip, or a high capacity feeding device, or ammunition at Cherise Jordan's house. They say they found it, and used it as a basis to charge Cherise Jordan and the Plaintiff, separately, with criminal possession of a weapon in the third degree.

What happened to it? Where is it now? And what exactly was it? The two detectives and one police officer whose depositions were taken in this case could not answer these basic questions. *Embarrassing.* Presumably because of the absence of any evidence, the "weapon" charges against both Cherise Jordan and the Plaintiff were dismissed.

And where is the cell phone which Det. Sgt. Scalone admitted he took from the Plaintiff, and read its contents without the Plaintiff's consent and against his will. Would that not be evidence of "probable cause," if it had been obtained legally and not in violation of the Plaintiff's "clearly established" 4th and 5th Amendment rights? The County cannot answer that question.

Any and all information obtained by the Nassau County Police Department from the Plaintiff while he was handcuffed to his hospital bed and under pain medications was obtained illegally and cannot support a finding of probable cause.

## CONCLUSION

On the basis of the foregoing and the accompanying Affidavit of Plaintiff Shawn Walker, sworn to on April 7, 2022, and upon all the papers submitted on this motion, the Plaintiff respectfully asks for an order denying the Defendants' motion for summary judgment in all respects, and granting the plaintiff such other and further relief as the Court deems proper including amendment of the Plaintiff's claim to name Detective Farrell and the Nassau County District Attorney's Office, as suggested by Defendant's counsel.

Dated: Commack, New York
April 7, 2022

/s/ *Mark Ewald Nadjar*
Mark Ewald Nadjar, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SHAWN J. WALKER,                                : Civil Action No.
                                                  2:19-cv-1374-JMA-ARL
                        Plaintiff,              :

       - against -                              :

THE COUNTY OF NASSAU, NASSAU                    :
COUNTY POLICE OFFICER JOSEPH
GIATTINO, NASSAU COUNTY POLICE                  :
DET. SERGEANT SCALONE, and JOHN
DOES 1-10,                                      :

                        Defendants.             :
-----------------------------------------------------------x

PLAINTIFF'S AFFIDAVIT AND MEMORANDUM
OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION FOR SUMMARY

THE LAW OFFICE OF MARK E. NADJAR, P.C.
*Attorney for the Plaintiff*
OFFICE & P.O. ADDRESS
366 VETERANS MEMORIAL HWY., STE. 1
COMMACK, NEW YORK 11725
TEL. (631) 385-8900

Certified pursuant to 22 NYCRR §130-1.1-a

By: /S/ *Mark Ewald Nadjar*
Mark Ewald Nadjar, Esq.