UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
SHAWN J. WALKER,

                                        Plaintiff,

      -against-

THE COUNTY OF NASSAU, NASSAU COUNTY
POLICE OFFICER JOSEPH GIATTINO, and
NASSAU COUNTY POLICE DET. SERGEANT
SCALONE,

                                        Defendants.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
19-CV-1374 (JMA) (ARL)

FILED
CLERK
2:10 pm, Mar 24, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

On March 8, 2019, Plaintiff Shawn J. Walker ("Plaintiff") commenced this action against Defendants Nassau County, Nassau County Police Officer Joseph Giattino, and Nassau County Police Detective Sergeant Scalone (collectively, "Defendants"), alleging four federal causes of action pursuant to 42 U.S.C. §1983: (1) false arrest; (2) false imprisonment; (3) malicious prosecution; and (4) due process violations. (Compl., ECF No. 1.) Plaintiff also alleges four pendent state law claims: (5) false arrest; (6) false imprisonment; (7) malicious prosecution; and (8) respondeat superior/vicarious liability. (Id.)

Plaintiff's Complaint arises out of the events leading up to his January 29, 2017 arrest, and subsequent prosecution and incarceration. Specifically, on January 29, 2017, Plaintiff was shot in the left foot and treated at Good Samaritan Hospital ("Good Samaritan") located in West Islip, New York. (R&R at 2.) Shortly after Plaintiff's arrival at Good Samaritan, the Nassau County Police Department ("NCPD") received a report of a gunshot victim being treated at Good Samaritan, and dispatched Defendants Giattino and Scalone to investigate the report. (Id.) Upon their arrival, Giattino and Scalone located Plaintiff in a hospital bed in the triage area, where they

questioned him.[1]  (R&R at 2-3.)  According to Defendants, Plaintiff stated that he had been shot while taking out the garbage at his residence in Massapequa.  (Id.)  Based on this statement, Defendants purportedly assigned patrol officers to canvas the neighborhood around Plaintiff's residence.  (R&R at 3.)

Defendants further contend that, during the interview, Scalone observed a text message that Plaintiff sent to his girlfriend during the interview with Scalone, where Plaintiff requested that his girlfriend "get the .40 out of the house and bring it to the street."  (R&R at 3-4.)  Based on this message, multiple NCPD officers went to Plaintiff's Massapequa residence to secure the scene.  (R&R at 4.)  After providing consent to search the premises, Plaintiff's girlfriend showed the officers a black and red pair of athletic shorts wrapped around a .22 round ammunition storage magazine, which she had stuffed into a blue 18-gallon container in the rear yard.  (Id.)  Based on these events, Defendants concluded that Plaintiff had falsely reported the location of the shooting and possession of the ammunition at his residence.  (Id.)  Plaintiff was placed under arrest at Good Samaritan at approximately 5:00 a.m. on January 29, 2017.  (R&R at 4-5.)

Plaintiff was initially charged with Falsely Reporting an Incident in the Third Degree and Criminal Possession of a Weapon in the Third Degree.  (R&R at 5.)  Plaintiff's bail was set at $25,000 but was not met.  (Id.)  As a result, he was incarcerated at the Nassau County Correctional Center ("NCCC") from February 1, 2017 until December 15, 2017.[2]  (Id.)  On May 17, 2017, the charge of Criminal Possession of a Weapon in the Third Degree was reduced from a felony to a misdemeanor and then dismissed.  (Id.)  Plaintiff moved to dismiss the charge of Falsely Reporting an Incident for facial insufficiency.  (Id.)  Plaintiff's motion to dismiss was granted on November

---

[1] The Court acknowledges the parties' dispute regarding whether Plaintiff was in police custody, or otherwise physically restrained, for the duration of these interviews.

[2] Defendants contend – and Plaintiff does not disagree – that Plaintiff remained in NCPD custody from the time of his arrest until his arraignment and failure to make bail, at which point he was transferred to the custody of the Nassau County Sheriff's Department and incarcerated at the NCCC. (See ECF No. 50 ("Defs.' Obj.") at 4, n. 2.)

16, 2017, and the charge was dismissed on December 12, 2017. (R&R at 5-6.) Plaintiff was released from jail three days later and commenced the instant action on March 8, 2019. (Id.)

After Defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, (ECF No. 41), the Court referred the motion to Magistrate Judge Arlene R. Lindsay for a report and recommendation ("R&R"). (Electronic Order dated Oct. 20, 2022.) Now before the Court are the parties' objections to Magistrate Judge Lindsay's R&R, which recommends that the Court partially grant Defendants' motion for summary judgment. (ECF Nos. 48, 49, 50, 51.) Specifically, Judge Lindsay recommended that Defendants be granted summary judgment as to Plaintiff's malicious prosecution and due process violation causes of action, but that his claims for false arrest, false imprisonment, and respondeat superior/vicarious liability (for the state law false arrest and false imprisonment claims) could proceed. (See R&R.) After conducting a review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court adopts Magistrate Judge Lindsay's R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or…recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd sub nom. Coyne v. Amgen, Inc., 717 F. App'x 26 (2d Cir. 2017). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The Court finds no clear error in the portions of Magistrate Judge Lindsay's R&R to which there are no objections. Next, the Court turns to the portions of the R&R to which the parties have objected.

3

Plaintiff broadly—and without citing any case law or statutory authority or evidence in the record in support of his position—objects to Judge Lindsay's recommendations that his malicious prosecution and due process violation claims be dismissed. The Court rejects Plaintiff's objections because they are both legally and factually unsupported.

Plaintiff asserts that probable cause was lacking to support charging him with providing false information. (Pl.'s Obj. at 1.). This two-sentence objection is meritless. Plaintiff asserts that the police lacked probable cause to charge him because although the alleged false statement at issue was made in Suffolk County, Plaintiff was charged with making a false statement in Nassau County. Plaintiff cites to no authority in support of this argument. Additionally, Plaintiff never squarely argued in his original motion papers that this defect eliminated probable cause. Accordingly, this argument has been waived. To the extent that this argument has not been waived, this objection would only be reviewed for clear error given the deficiencies identified above, and there was no clear error here. Finally, even if Plaintiff were entitled to de novo review, Plaintiff's argument is substantively meritless. The fact that the charging document erroneously stated that the alleged false statement was made in Nassau does not negate the fact that officers possessed probable cause to believe that Plaintiff made a false statement in violation of N.Y. Penal Law § 240.50(2). "Geographical jurisdiction is a question of venue – of where a case may be tried – and it plays no role in the probable cause inquiry." Kravtchouk v. City of New York, No. 16-cv-4787, 2019 WL 4918083, at *7 (E.D.N.Y. Sept. 30, 2019) (citing People v. Patterson, 708 N.Y.S.2d 815, 818 (N.Y. Crim. Ct. 2000)).

Plaintiff also argues that there was not probable cause to support the weapons possession charge. (Pl.'s Obj. at 2.) This objection again lacks citation to any caselaw or evidence in the

4

record. That alone renders it deficient.[3] Accordingly, only clear error review applies and there was no clear error here. It is also notable that Plaintiff's original brief also lacks citation to any record evidence to support the factual assertions Plaintiff advances in support of this argument. (See Pl.'s Mem. at 3, 16, ECF No. 45.) Similarly, Plaintiff's response to Defendants' 56.1 Statement consists largely of conclusory denials that fail to cite any evidence in the record. (Pl.'s 56.1 Statement ("Pl.'s 56.1"), ECF No. 44-1.) Notably, Defendants' 56.1 Statement contains various factual assertions concerning the ammunition clip. However, in his response to Defendants 56.1 Statement, Plaintiff denied those assertions in conclusory fashion without citation to any evidence. (See Defs.' 56.1 ¶¶ 35–39; Pl.'s 56.1 ¶¶ 35–39.) Such denials are patently deficient under Local Rule 56.1 and, as such, the Court deems all such paragraphs admitted.[4] See Local Rule 56.1. Given those undisputed facts, Plaintiff's objections fail even under de novo review.

Plaintiff's remaining arguments are also all meritless. For example, Plaintiff asserts that his due process claim challenging his interrogation is not limited to the officer's failure to give Miranda warnings. Plaintiff, however, did not advance this argument in his opposition brief, which asserted a meritless Brady claim and said nothing else about Plaintiff's due process claim. Accordingly, the arguments concerning his interrogation that Plaintiff raised in his objection were

---

[3] The Court additionally notes – and Plaintiff offers no evidence to explicitly contradict – that Plaintiff's girlfriend provided a signed statement to the NCPD wherein she acknowledged Plaintiff's possession of the ammunition clip prior to his January 29, 2017 arrest, and recounted Plaintiff's January 29, 2017 text message to her requesting that she "get rid of" the ammunition clip. (See ECF No. 42-15.)

[4] Local Rule 56.1 states that:

 (c) Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

(d) Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c).

Local Rule 56.1.

waived and even if clear error review were triggered, there was no clear error here. See Vega v. Tekoh, __ U.S. __, 142 S. Ct. 2095, 2108 (2022) (finding "no justification" to permit Miranda violations "to confer a right to sue under § 1983" because "a violation of Miranda is not itself a violation of the Fifth Amendment[.]").

The Court next turns to Defendants' objection, which singularly avers that Judge Lindsay misapplied the legal standard as to the accrual of the statute of limitations governing Plaintiff's state law false arrest and false imprisonment claims. (See Defs.' Obj.) While Defendants do not dispute that Plaintiff's state law false arrest and false imprisonment claims are constrained by a one-year-and-ninety-day statute of limitations, they assert that Judge Lindsay erred in denying summary judgment as to those claims. (Defs.' Obj. at 3.) A cursory review of the relevant case law reveals, however, that Defendants' argument is misplaced.

While § 1983 false arrest and false imprisonment claims accrue "once the victim becomes held pursuant to process – when, for example, he is bound over by a magistrate or arraigned on charges[,]" New York State common-law claims for false arrest and false imprisonment accrue on the date that the plaintiff is released from custody. McQueen v. City of New York, 209 A.D.3d 469, 470 (1st Dep't 2022) (citing Palmer v. City of New York, 226 A.D.2d 149, 149 (1st Dep't 1996)); see also Newton v. City of New York, 566 F. Supp. 2d 256, 278 n.145 (S.D.N.Y. 2008) (quoting Pinaud v. County of Suffolk, 798 F. Supp. 913, 923 (E.D.N.Y. 1992)) ("Under New York law, the statute of limitations on a claim for false arrest is one year and the claim accrues when the party is released from prison."); Butler v. City of New York, 202 A.D.3d 471, 472 (1st Dep't 2022) (same); Mejia v. Davis, No. 16-cv-9706, 2018 WL 333829, at *7-8 (S.D.N.Y. Jan. 8, 2018) (same). The Court rejects Defendants' objections to the extent they urge reliance on a different legal standard.

Judge Lindsay determined that Plaintiff was "released from custody" on December 15, 2017, after the underlying state criminal charges were dismissed, meaning his state law false arrest and false imprisonment claims had to be filed by March 15, 2019. (R&R at 19.) Defendants, however, contend that Plaintiff was "released from custody" for accrual purposes on February 1, 2017, when he was transferred from NCPD custody to the custody of the Nassau County Sheriff's Department following his arraignment. (Defs.' Obj. at 4, n. 2.) Under this logic, Plaintiff would have had to file his state law false arrest and false imprisonment claims by May 2, 2018. (Defs.' Obj. at 4-5.) Defendants waived this argument by failing to explicitly argue this point in their initial moving papers. In fact, this argument is relegated to a mere footnote in their objections to the R&R. Additionally, Defendants cite no case law in support of their argument that Plaintiff's transfer between two agencies controlled by Nassau County somehow constitutes a "release from custody" that renders his state law false arrest and false imprisonment claims untimely. In light of the above, Defendants' objection triggers, at best, only clear error review, and the Court finds no clear error here. Moreover, even assuming <u>arguendo</u> that Defendants are entitled to <u>de novo</u> review, their argument fails given the case law cited herein.

For these reasons, the Court agrees with Magistrate Judge Lindsay's recommendations, and therefore adopts the R&R in its entirety as the opinion of the Court. Accordingly, Defendants' motion for summary judgment is granted in part and denied in part. Plaintiff's malicious prosecution and due process violation causes of action are dismissed with prejudice, but his false arrest and false imprisonment causes of action, as well as his <u>respondeat superior</u>/vicarious liability claim (as to the false arrest and false imprisonment causes of action under state law) will proceed to trial.

**SO ORDERED.**

Dated: March 24, 2023
Central Islip, New York

                                                  /s/   (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE